UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:15-cv-05819-CAS (MRWx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | M.S. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Devon Hein | Mark Waterman |
| Allison Holcombe | Diane Willis |
| Janeen Steel | |
| John Korevec | |

**Proceedings:**    PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Filed October 10, 2016, Dkt. 50)

PLAINTIFF'S MOTION TO STRIKE MATERIAL IN DEFENDANT'S OPPOSITION (Filed February 27, 2017, Dkt. 64)

## I. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This case is, in essence, an appeal of certain findings made by an Administrative Law Judge ("ALJ") regarding M.S.'s rights under the Individuals with Disabilities Education Improvement Act ("IDEA"). On September 12, 2016, the Court concluded that "M.S. is the prevailing party on all issues in this appeal." Dkt. 47 ("Merits-Order") at 24. In the Merits-Order, the Court ordered counsel for M.S. to file a noticed-motion for attorneys' fees no later than October 10, 2016, id., which plaintiff's counsel timely filed, dkt. 50 ("Fees Motion"). On January 30, 2017, defendant filed an opposition. Dkt. 58. On February 27, 2017, plaintiff filed a reply. Dkt. 65.

In the Merits-Order, the Court remanded the matter to the ALJ "for a determination regarding the appropriate relief in light of the Court's" order. Merits Order at 24. The parties agree that, to date, the ALJ has not yet made a determination what relief is appropriate. However, the ALJ's ruling appears to be relevant to the Fees Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:15-cv-05819-CAS (MRWx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | M.S. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

"A prevailing party for the purpose of awarding attorney's fees [under the IDEA] is a party which 'succeed[s] on any significant issue in litigation which achieves *some of the benefit* the parties sought in bringing the suit.'" Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (emphasis added) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Some courts have held that a favorable statement of law is not a sufficient basis for awarding attorneys' fees.  See e.g. Counsel v. Dow, 849 F.2d 731, 741 (2d Cir. 1988) (finding that Board of Education was "fiscally responsible" for education during a particular period was insufficient where the finding did not result in compensatory education or other relief).  Similarly, where the student's guardian was offered and refused a settlement offer, the court cannot award attorneys' fees if acceptance of the settlement offer would have resulted in the same or more favorable relief.  20 U.S.C. § 1415(i)(3)(D)(i)(III).

In plaintiff's reply, plaintiff states "if the Court feels that the ALJ's decision weighs on this fee request, M.S. respectfully requests that a hearing and decision on the fee motion be delayed until after the ALJ has issued her decision." Reply at 3.  The Court finds such a delay appropriate.  Because the ALJ has yet to determine what relief is appropriate here, plaintiff's motion for attorneys' fees is premature.  The Court expresses no opinion regarding whether the ALJ's ruling *necessarily* affects the outcome here or plaintiff's entitlement to recovery of reasonable attorneys' fees generally.  However, this matter is more prudently resolved after the ALJ has determined what relief is appropriate.

Accordingly, plaintiff's motion for attorneys' fees is **DENIED without prejudice**, subject to renewal once the ALJ has determined the appropriate relief.

## II.  PLAINTIFF'S MOTION TO STRIKE MATERIAL IN DEFENDANT'S OPPOSITION

In the course of briefing plaintiff's motion for attorneys' fees, a separate dispute has arisen regarding materials contained in defendant's opposition.  On February 27, 2017, plaintiff filed a motion to strike purportedly confidential material contained in defendant's opposition.  Dkt. 64 ("Motion to Strike").  The Motion to Strike contends that the defendant has improperly filed information from settlement agreements between plaintiff's counsel's past clients and the defendant (as well as other school districts).  Specifically, plaintiff seeks to strike two portions of defendant's opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:15-cv-05819-CAS (MRWx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | M.S. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

memorandum, dkt. 58, and portions of the Declaration of John O'Connor, dkt. 58-3.[1] Plaintiff contends that the information in defendant's attorneys' fees opposition, namely fee settlement amounts and hourly rates sought by plaintiff's counsel, is subject to confidentiality provisions of prior settlement agreements and should be stricken from the record here.

On March 6, 2017, defendant filed an opposition. Dkt. 66. Said opposition inadvertently included the names of plaintiff's counsel's student-clients in an exhibit. On March 9, 2017, the parties jointly stipulated that defendant's initial opposition to the motion to strike should be placed under seal, dkt. 67, which the Court ordered on March 10, 2017, dkt. 70. On March 10, 2017, defendant filed an opposition to the motion to strike with all students' names properly redacted. Dkt. 68-1 ("Opp'n to Mot. to Strike"). Defendant's opposition to the motion to strike argues, in part, that the settlement and fee information at issue is derived from invoices and letters from plaintiff's counsel in relation to those other cases. Defendant has attached those invoices and letters to its opposition to the motion to strike. Dkts. 68-2, 68-3, 68-4.

On March 13, 2017, plaintiff filed a reply in support of the motion to strike. Dkt. 69.

The Court cannot determine, at this time, whether an exercise of its inherent power to strike information from defendant's opposition is appropriate in light of the Court's ruling in regard to the attorney's fees motion. By placing the O'Connor declaration under seal for other reasons, see supra n. 1, the Court has already protected much of the information at issue from public disclosure. Out of an abundance of caution, the Court orders that defendant's opposition memorandum regarding the Fees Motion, dkt. 58, also be placed under seal. Relatedly, because they contain the same underlying information and related documents, the Court also orders that defendant's opposition and exhibits in support of the opposition to the motion to strike, dkts. 68-1, 68-2, 68-3, & 68-4, and the errata version of the O'Connor declaration, dkt. 59-1, be placed under seal. Plaintiff's

---

[1] The District acknowledges that an exhibit to the O'Connor declaration inadvertently contains student records unrelated to this case. On February 6, 2017, the Court ordered that the entire O'Connor declaration and accompanying exhibits be placed under seal. Dkt. 61. Plaintiff's motion to strike information in the O'Connor declaration extends beyond the pages inadvertently included by defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-05819-CAS (MRWx) | Date | March 27, 2017 |
|---|---|---|---|
| Title | M.S. V. LOS ANGELES UNIFIED SCHOOL DISTRICT | | |

motion to strike is **DENIED without prejudice** to its being re-noticed after the ALJ has ruled on the appropriate relief.

### III. CONCLUSION

Plaintiff's motion for attorneys' fees is **DENIED without prejudice**.

Docket numbers **58** (defendant's memorandum in opposition to the motion for attorneys' fees), **59-1** (errata version of O'Connor declaration), **68-1** (defendant's opposition to the motion to strike), **68-2** (exhibit A to the opposition to the motion to strike), **68-3** (exhibit B to the opposition to the motion to strike), and **68-4** (exhibit C to the opposition to the motion to strike) shall be **placed under seal**. Plaintiff's motion to strike is **DENIED without prejudice**.

IT IS SO ORDERED.

|  | 00 | 04 |
|---|---|---|
| Initials of Preparer | CMJ | |